2041316

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**Case No. _____**

**State Case No. 2020-CA-003478 20TH**

SARAH PARKER-MERRILL,

   Plaintiff,

v.

TARGET CORPORATION,

   Defendant.

_____/

## TARGET CORPORATION'S NOTICE OF/PETITION FOR REMOVAL

COMES NOW, the Defendant, TARGET CORPORATION, ("Target"), by and through the undersigned counsel, pursuant to 28 U.S.C. §1332, 1441 and 1446, hereby removes this lawsuit from the Circuit Court of the 20th Judicial Circuit in and for Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division.  The grounds for removal are as follows:

## INTRODUCTION

This negligence action was filed by the Plaintiff on June 1, 2020 in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida arising out of a slip and fall incident which occurred on July 19, 2019. The Complaint was served upon the Defendant on June 11, 2020. As this matter has progressed during the course of litigation, the Defendant has discovered new material information that now makes this case removable to the District Court

CASE NO. _____

on the basis of diversity jurisdiction. As such, Target removes this case invoking the Court's diversity jurisdiction under 28 U.S.C. §1332.  Defendant, Target, is a citizen of the State of Minnesota, and Plaintiff, Sarah Parker-Merrill is domiciled in and a citizen of Orange County, Florida such that complete diversity exists among the parties.

The Plaintiff's discovery responses indicate that upon slipping and falling at a Target store, she tore her right meniscus, sustained a fracture in the left foot, and possibly sustained a right knee fracture. To date, Target has obtained limited medical records in relation to the Plaintiff's injuries, however, the records obtained reveal that the Plaintiff has undergone multiple MRIs revealing a sprain of the talofibular ligament, a partial thickness tear of the anterior cruciate ligament, and a tear of the posterior horn of the medial meniscus, all of which her radiologist attributes to the fall at Target. The Plaintiff's orthopedic records reveal that she has a recommendation for right knee arthroscopy and medial meniscectomy and indicate that she is still actively treating. The Plaintiff has produced an incomplete set of medical bills totaling $28,781.35, however, the bills are expected to continue rising in light of the continued treatment and surgical recommendation. Moreover, on September 16, 2020, the Plaintiff served a Proposal for Settlement in the amount of $600,000. As such, Target contends that the amount in controversy exceeds the $75,000 jurisdictional threshold for diversity cases required pursuant to 28 U.S.C. §1332 (A).

Accordingly, the Defendant respectfully petitions the Court to accept jurisdiction over the above-captioned matter.

CASE NO. _____

## II.    GROUNDS FOR REMOVAL

The Court has original jurisdiction over this action under 28 U.S.C. §1332 (a)(1)[1]  This action is removable under 28 U.S.C. §1441(a)[2], in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## III.    DIVERSITY JURISDICTION

### A.    Citizenship Requirement

For purposes of determining whether diversity jurisdiction exists, a corporation is deemed a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. §1332(c)(1) ("A corporation shall be deemed a citizen of any state by which it has been incorporated and of the state, where it has its principal place of business").

### 1.    Defendant, Target, is a Citizen of Minnesota.

---

[1] The relevant portions of 28 U.S.C. §1332 provide:

 (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

 (1)    citizens of different States;

28 U.S.C. §1332.

[2] The relevant portions of 28 U.S.C. §1441 provide:

 (a)  Generally.

 Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States or the district and division embracing the place where such action is pending.

28 U.S.C. §1441.

CASE NO. _____

Defendant, Target, is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota. Accordingly, Target is a citizen of Minnesota for purposes of diversity jurisdiction. 28 U.S.C. §1332(c)(1).

### 2.      Plaintiff, Sarah Parker-Merrill, is a citizen of Florida.

The Plaintiff is an individual who is domiciled in Orange County, Florida, and is therefore, a citizen of the State of Florida. 28 U.S.C. §1332. Pursuant to her Answers to Interrogatories, the Plaintiff lives in Orlando, Orange County, Florida. See Plaintiff's Redacted Verified Answers to Interrogatories as Exhibit A. On the date of the incident, the Plaintiff was visiting Fort Myers, Florida and shopping at the Target store located at 9350 Dynasty Drive in Fort Myers. Additionally, the Plaintiff's Answers to Interrogatories also confirm that all three (3) of her identified post-fall treating medical providers are also located in Orlando, Orange County, Florida, thereby confirming the Plaintiff's presence and domicile in the State of Florida. See Exhibit A.

### B.      Amount in Controversy

The Plaintiff's Complaint does not specify the amount of damages sought and simply provides that the lawsuit is "an action for damages that exceeds Thirty Thousand One dollars". See Complaint ¶1 attached as Exhibit B. However, on September 16, 2020, the Plaintiff served a Proposal for Settlement demanding $600,000.00 in exchange for a dismissal with prejudice of the lawsuit. Plaintiff's Proposal for Settlement is attached as Exhibit C. A proposal for settlement constitutes "other papers" within the meaning of 28 U.S.C. § 1446(b). *Essenson v. Coale*, 848 F. Supp. 987, 990 (M.D. Fla. 1994); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001).

CASE NO. _____

On September 16, 2020, the Plaintiff served her discovery responses and while she did not provide a full set of medical bills or records in response to Target's Request for Production, her Verified Answers to Interrogatories describe her injury as a "torn meniscus-right knee and fracture a fracture in the left foot, as well as pain in both legs and identify multiple medical providers who have treated her for the fall at Target. Additionally, the Plaintiff is also claiming a loss of future earnings although the amount of the loss is not quantified.

Based upon the totality of the foregoing information, Target contends that the amount in controversy well-exceeds the sum or value of $75,000, exclusive of interest and costs such that the threshold requirement of 28 U.S.C. §1332 is met.

### IV.     THE PETITION FOR REMOVAL IS TIMELY

Pursuant to 28 U.S.C. § 1446 (b)(3), a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable and within one year of the commencement of the action.

As noted above, when the Plaintiff's Complaint was filed on June 1, 2020, no information was provided in relation to the Plaintiff's injury or medical bills beyond a jurisdictional statement that the damages exceed $30,001. However, since the filing of the Complaint, the Defendant has received "other papers" from which it was able to determine that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. The first such "other paper" to be received was the Proposal for Settlement in the amount of $600,000 and Verified Answers to Interrogatories served on September 16, 2020.

CASE NO. _____

As this Notice for/Petition for Removal is being filed within thirty (30) days of September 16, 2020 when Defendant was first put on notice that the amount in controversy requirement is met, it is timely.

**V.      NOTICE   HAS   BEEN   GIVEN   AND   STATE   COURT   PAPERS HAVE BEEN FILED**

28 U.S.C. §1446(a) requires that a copy of all process, pleadings, orders and other papers or exhibits on file in the circuit court be attached to this Notice.  As of the filing of this Notice, the circuit court file is attached hereto as Composite Exhibit D, including the following documents and papers:

- Circuit Court Docket Report;

- Civil Cover Sheet;

- Complaint;

- Designation of E-Mail Address;

- Summons to Target Corporation;

- Standing Order;

- Return of Service on Target Corporation;

- Notice of Appearance;

- Target Corporation's Answer, Affirmative Defenses and Demand for Jury Trial;

- Plaintiff's Reply; and

- Plaintiff's Notice of Service of Proposal for Settlement.

In addition, Target is contemporaneously filing a copy of this Notice with the Clerk of the 20th  Judicial Circuit in and for Lee County, Florida, as required by 28 U.S.C. §1446(d),

CASE NO. _____

and will give notice to all parties of this Notice of Removal.  A copy of the Notice of Filing

Notice of Removal is attached hereto as Exhibit E.

**VI.    CONSENT OF ALL DEFENDANTS**

      Target is the only Defendant properly joined and thus no other consent is necessary.

**VII.    CONCLUSION**

      Because this civil action is between citizens of different states and the amount in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court

has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

      DATED:  October 16, 2020

                                      Respectfully submitted,

                                       */s/ Cristobal A. Casal*
                                      Cristobal A. Casal, Esquire
                                      Florida Bar No.:  0012261
                                        ccasal@conroysimberg.com
                                        Yasmine Kirollos, Esquire
                                        Florida Bar No.: 0110380
                                        ykirollos@conroysimberg.com
                                        Conroy Simberg
                                        4315 Metro Parkway, Suite 250
                                        Fort Myers, FL 33916
                                        (239) 337-1101
                                        (239) 334-3383
                                        Attorney for Defendant, Target Corporation

CASE NO. _____

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>October 16, 2020</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_/s/ Cristobal A. Casal_
Cristobal A. Casal, Esquire
Florida Bar No.:  0012261
ccasal@conroysimberg.com
Yasmine Kirollos, Esquire
Florida Bar No.: 0110380
ykirollos@conroysimberg.com
Conroy Simberg
4315 Metro Parkway, Suite 250
Fort Myers, FL 33916
(239) 337-1101
(239) 334-3383
Attorney for Defendant, Target Corporation

CASE NO. _____

# SERVICE LIST

PARKER-MERRILL, SARAH V. TARGET CORPORATION
Case No. _____
United States District Court, Middle District of Florida

Gunter A. Fernandez, Esq.
Morgan & Morgan
12800 University Drive
Fort Myers, FL 33907
Attorney for Plaintiff

Served via electronic mail
gfernandez@forthepeople.com;
mmarichal@forthepeople.com