UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SARAH PARKER-MERRILL,

    Plaintiff,

v.                                                       Case No.: 2:20-cv-827-FtM-38NPM

TARGET CORPORATION,

    Defendant.
_____/

### **ORDER**[1]

Before the Court is Defendant Target Corporation's response (Doc. 10) to the Court's Order to Show Cause (Doc. 7). Target tried to show the amount in controversy meets the jurisdictional minimum. But the Court holds it does not have subject-matter jurisdiction and remands.

Removal is proper when the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). The jurisdictional minimum in federal court is $75,000. 28 U.S.C. § 1332(a). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Because of "significant federalism concerns," courts interpret removal statutes strictly and resolve all doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Target contends more than $75,000 is in dispute when considering Plaintiff Sarah Parker-Merrill's medical bills alongside her claim for lost wages and future earnings. Yet only about $27,000 in medical expenses were definitely incurred. While Target points to other apparent medical charges, it has no record of those amounts (or even if one procedure occurred). Target says subpoenas are outstanding on that discovery, so maybe jurisdiction will become clear. But subject-matter jurisdiction is not a wait-and-see affair. If the Court lacks jurisdiction, it is powerless to hear this case and must remand. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216-17 (11th Cir. 2007). What is more, lost wages and future earnings are still speculative. Target asks the Court to assume it is an amount that exceeds $75,000 simply because Parker-Merrill is young and will probably work for many years. But reliance on those damages here is no more than "star gazing." *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (allowing reasonable inferences based on evidence). The Court has no idea how long Parker-Merrill was out of work or how her injuries impacted future earnings. In fact, the Court doesn't even know what Parker-Merrill does for a living. This is important because a bum

knee might not dent a lawyer's future earnings much, but it could devastate a landscaper's. And while Target does not make new argument about the settlement demand, the last Order explained why it is not enough alone.

Finally, Target notes it removed to be safe, thinking the discovery and settlement demand might trigger the thirty-day clock to remove. Because the Court finds those documents insufficient, they are not an "other paper" under the statute. *See* 28 U.S.C. § 1446(b)(3). If down the road it becomes clear the case is removable, perhaps Target can do so. Until then, Target failed to carry its burden to show this case meets the amount-in-controversy requirement. So the Court remands for lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c).

Accordingly, it is now **ORDERED:**

(1) This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

(2) The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 29, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3